■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY P., Appellant.—Judgment of the Supreme Court, New York County, rendered May 18, 1978, convicting defendant of the crime of robbery in the second degree, adjudicating him a youthful offender and sentencing him to 60 days' imprisonment and 4 years and 10 months' probation, unanimously reversed, on the law, and a new trial ordered. In this trial, the conviction in the main rested upon the identification of defendant by the victim of the robbery. The defense was mistaken identity. The crime was committed on January 25, 1977 by two. males in their teens. About 15 minutes after the occurrence, the victim described the older boy to the police as approximately 16 years of age and weighing 140 pounds. On January 31, 1977, six days after the robbery, defendant was arrested and charged with participation in the crime. He was thereupon photographed and the Department of Correction pedigree form prepared. The form, admitted into evidence, listed defendant's weight as 180 pounds at the time of his arrest. The photo, likewise introduced into evidence, showed that defendant had a mustache, chin hair and sideburns when photographed. In her trial testimony, the victim stated: "He [the older boy] had some hair [mustache] but not much * * * Just like a young man who does not have a heavy beard mustache at all, but had not shaved for a few days on the upper lip." She never mentioned hair on the older boy's lip in the description she gave the police. The record does not clearly state defendant's weight at the time of trial; it does indicate that at trial he had a full beard and mustache. There was testimony from defendant's grandmother that for two years past, defendant had worn a beard. The court's main charge to the jury on the subjects of identification and prior inconsistent statements was proper. However, during deliberations the jury submitted the following request to the trial court: "We the jurors would like to have the testimony given by the witness [victim of the robbery] read back to us", followed by another request: "We the jury would like to know where credence rests between identification and description and according to the law which has greater weight." After the requested testimony was read to the jury, the court, in the following words, responded to the second request: "May I say to you description has no—is not a legal concept at all. Only identification is a legal concept." The court then continued by rereading its original charge on identification. Defense counsel at the first opportunity took exception to the supplemental instruction and unsuccessfully requested the court to instruct the jury "that * * * they [the jury] are to * * * take in consideration the accuracy of the description [given by the witness to the police originally] in considering whether they will give credence to the identification." We are of the opinion in this one witness identification case that the court was in error when it denied defendant's request. Although the court in its main charge had properly instructed the jury as to the consideration which may be given to prior inconsistent statements, the court diluted the effect of that portion of its charge by stating in the supplemental charge that description is not a legal concept but that identification is. To this extent the court misled the jury as to the attention which may be paid to the prior description of the older boy given by the witness. The court was required, in view of this statement, to instruct the jury, as requested by defendant, that the description given earlier by the victim may be considered by the jury in assessing the accuracy of the identification by the victim. The court's refusal to give this instruction

denied defendant a fair trial. Concur—Kupferman, J. P., Birns, Markewich and Ross, JJ.